**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAR 21 2000**

**PATRICK FISHER**
**Clerk**

WAYNE STEPHENS,

       Petitioner - Appellant,

vs.

E. E. ATHERTON; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

       Respondents - Appellees.

No. 99-1529
(D.C. No. 99-Z-805)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Mr. Stephens, an inmate appearing pro se, seeks to appeal from the denial

of his habeas application, 28 U.S.C. § 2254. He was convicted in Colorado state

court of first degree aggravated motor vehicle theft, Colo. Rev. Stat. § 18-4-409,

and two counts of being a habitual criminal. He was sentenced to twenty-five

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

years imprisonment. His sentence was affirmed on direct appeal. See People v. Stephens, 837 P.2d 231 (Colo. Ct. App. 1992), cert. denied as improvidently granted, 854 P.2d 231 (Colo. 1993). Mr. Stephens contends that he exhausted the claims he brings now in state post-conviction proceedings. His federal application for habeas relief was denied by the district court on the merits. The district court also denied a motion to reconsider, and denied a certificate of appealability. We deny a certificate of appealability and dismiss the appeal.

The facts are not in dispute. On September 15, 1989, Mr. Stephens borrowed his employer's car. The employer gave permission for Mr. Stephens to use the car until the morning of September 16, 1989. Mr. Stephens never returned the car, and "was arrested one month later with the vehicle still in his possession." Stephens, 837 P.2d at 233.

Mr. Stephens claims that his trial counsel was ineffective for failing to raise a claim of fatal variance between the allegations in the indictment and the crime of which he was convicted. He argues that the indictment was constructively amended to require proof of specific intent because, under his interpretation of the statute, the government would have to show that he never had permission to possess the car. Mr. Stephens relies exclusively upon People v. Andrews, 632 P.2d 1012 (Colo. 1981), in which the Colorado Supreme Court upheld a § 18-4-409 conviction and noted that the defendant "neither sought nor

- 2 -

obtained permission from [his employer] to use the vehicle." Id. at 1017.

"'An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment.'" Hunter v. New Mexico, 916 F.2d 595, 599 (10th Cir. 1990) (citation omitted). According to Mr. Stephens, the indictment stated:

> On or about September 16, 1989, Wayne Stephens did unlawfully, feloniously and knowingly obtain and exercise control over the motor vehicle of Howard Smith without authorization and by threat and deception and did retain possession and control over the motor vehicle for more than twenty-four hours, wherein the value of said motor vehicle being less than ten thousand dollars.

Aplt. Br. at 16a. This indictment tracks the language of Colo. Rev. Stat. § 18-4-409(2), which states: "A person commits aggravated motor vehicle theft in the first degree if he knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and: (a) Retains possession or control of the motor vehicle for more than twenty-four hours . . . ."

Mr. Stephens contends that because he had received permission from Mr. Smith to use the vehicle for some time, he could not thereafter be convicted under § 18-4-409. His reliance upon Andrews for this argument is patently mistaken. In Andrews, the defendant worked as a salesman for a car dealership which provided "demonstrator vehicles" for use by its employees in connection with

their sales duties.  632 P.2d at 1014.  So long as they were employed by the dealership, the salesmen were allowed to use the demonstrator vehicles for their private use.  See id.  The defendant took the car home with him one day and never returned with it.  In upholding his conviction under § 18-4-409, the Colorado Supreme Court noted that defendant left work and "thereafter he neither sought nor obtained permission from [his employer] to use the vehicle."  Id. at 1017 (emphasis added).

Andrews is on all fours with the present case.  In both instances, the defendant had permission from his employer to use the vehicle.  It was only after this permission ended that the crime began.  Mr. Stephens' argument that a constructive variance existed between the indictment and the crime for which he was convicted is meritless.   Therefore, his attorney was not ineffective in failing to raise this claim.

We DENY a certificate of appealability as Mr. Stephens has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253, DENY the motion to proceed in forma pauperis, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 4 -